STATE OF NORTH CAROLINA
v.
RANDY LEE SELLARS.
No. COA04-289
North Carolina Court of Appeals
Filed September 6, 2005
This case not for publication
Alamance County Nos. 99 CRS 56319-20; 00 CRS 1256.
Attorney General Roy Cooper, by Assistant Attorney General Hilda Burnett-Baker, for the State.
Jarvis John Edgerton, IV, for defendant-appellant.
CALABRIA, Judge.
Randy Lee Sellars ("defendant") appeals the trial court's sentencing for convictions of three counts of assault with a firearm on a law enforcement officer, one count of assault with a deadly weapon and one count of discharging a firearm into occupied property. We remand for re-sentencing.
On 7 March 2001, a jury returned verdicts of guilty against defendant for three counts of assault with a firearm on a law enforcement officer, one count of assault with a deadly weapon and one count of discharging a firearm into occupied property. During sentencing, the trial court found as aggravating factors for all convictions that: (1) defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person; and (2) defendant committed the offenses while on pretrial release. The trial court found as mitigating factors for all convictions that defendant: (1) was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced his culpability for the offenses; (2) was honorably discharged from the United States Air Force; (3) had a support system in his community; and (4) had a positive employment history or was gainfully employed. The trial court determined that the aggravating factors outweighed the mitigating factors and sentenced defendant in the aggravated range to four consecutive terms of a minimum of 31 months to a maximum of 47 months in the North Carolina Department of Correction.
Defendant appealed to this Court and in an opinion issued 31 December 2002, we found no error but remanded for re-sentencing. State v. Sellers [sic], 155 N.C. App. 51, 574 S.E.2d 101 (2002). Upon re-sentencing, the trial court again found as aggravating factors that: (1) defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person; and (2) defendant committed the offenses while on pretrial release. The trial court determined that the aggravating factors outweighed the mitigating factors and re-sentenced defendant in the aggravated range to the same term of incarceration as his initial sentence. Defendant appeals.
After filing his initial brief with this Court, defendant filed a motion for appropriate relief asserting he was sentenced in the aggravated range in violation of the holding by the United States Supreme Court in Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). Recently, our Supreme Court considered the applicability of Blakely to North Carolina's Structured Sentencing Act, and held that "those portions of N.C.G.S. § 15A-1340.16 (a), (b) and (c) which require trial judges to consider evidence of aggravating factors not found by a jury or admitted by the defendant and which permit imposition of an aggravated sentence upon such judicial findings of such aggravating factors by a preponderance of the evidence violate the Sixth Amendment to the United States Constitution." State v. Allen, ___ N.C. ___, ___ 615 S.E.2d 256, 265 (2005). Furthermore, the Court rejected the State's harmless error argument and held that "the harmless-error rule does not apply to sentencing errors which violate a defendant's Sixth Amendment right to jury trial pursuant to Blakely. Such errors are structural and, therefore, reversible per se." Id., ___ N.C. ___, 615 S.E.2d at 272. In the instant case, the trial court made findings in aggravation and mitigation based on a preponderance of the evidence and after finding that the aggravating factors outweighed the mitigating factors for all defendant's convictions, sentenced defendant in the aggravated range. Accordingly, we remand for re-sentencing. Remanded for re-sentencing.
Chief Judge MARTIN and Judge GEER concur.
Report per Rule 30(e).